Case 5:25-cv-00017   Document 13   Filed on 05/07/25 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
May 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| THOMAS W. LAFLEUR § | |
| § | |
| VS. § | CIVIL ACTION NO. 5:25-cv-17 |
| § | |
| STATE FARM MUTUAL AUTOMOBILE § | |
| INSURANCE COMPANY § | |

## ORDER

Before the Court is Defendant's Unopposed Motion to Abate Plaintiff's Non-Contractual Claims (Dkt. No. 10). Defendant claims prevailing authorities provide that Plaintiff's non-contractual claims are subject to abatement (*see* Dkt. No. 10). Upon review of the applicable law, the Court agrees, but additionally finds that Plaintiff's breach of contract claim is nonjusticiable at this juncture.

Thus, for the following reasons, Defendant's Unopposed Motion to Abate Plaintiff's Non-Contractual Claims is **GRANTED** (Dkt. No. 10), and Plaintiff's breach of contract claim is **DISMISSED WITHOUT PREJUDICE**.

## I.   BACKGROUND

According to Plaintiff's state-court petition, on June 20, 2022, a tortfeasor driving a tractor-trailer, Osmarcos Aguilar Ramirez ("Ramirez"), caused a chain reaction that led to Plaintiff's vehicle getting rear-ended (Dkt. No. 1-3 at 6 ¶ 7). Plaintiff's car was one of several damaged in the crash, and he allegedly suffered "severe and debilitating injuries and/or aggravations of pre-existing injuries" as a result (Dkt. No. 1-3 at 6 ¶ 7). Multiple claimants filed claims against Ramirez's $750,000 liability coverage underwritten by National Unity Insurance Company (Dkt. No. 1-3 at 7 ¶¶ 9–10). After these claimants dipped into Ramirez's available liability coverage, it was depleted across the claims and could not fully compensate Plaintiff for his losses (Dkt. No. 1-3 at 7 ¶¶ 9–10).

During the relevant period, Plaintiff maintained uninsured/underinsured motor vehicle coverage (together "UIM") through Defendant State Farm Mutual Automobile Insurance Company (Dkt. No. 1-3 ¶ 11). After settling with Ramirez for less than his losses, Plaintiff submitted his claim to Defendant (Dkt. No. 1-3 at 6–7 ¶¶ 9–10, 12). Plaintiff avers Defendant dodged its obligation to pay his UIM benefits (Dkt. No. 1-3 ¶¶ 12–13). Plaintiff sued Defendant in state court for: (1) a claim under the UIM policy; (2) a declaratory judgment under Chapter 37 of the Texas Civil Practice and Remedies Code; (3) breach of good faith and fair dealing;[1] and (4) breach of contract (Dkt. No. 1-3 at 8–10 ¶¶ 14–29). Defendant subsequently removed the case to federal court, arguing the Court can exercise diversity jurisdiction per 28 U.S.C. § 1332(a) (Dkt. Nos. 1; 5).

Then, Defendant filed the instant motion to abate Plaintiff's "non-contractual" claims, which Plaintiff does not oppose (*see* Dkt. No. 10). Defendant seeks to "abate discovery and trial of the Plaintiff's non-contractual claims pending final resolution of the contractual claims" (Dkt. No. 10 at 4–5). Notably, Defendant did not seek severance *or* bifurcation of the non-contractual claims, and overlooked that Plaintiff's breach of contract claim is unripe (*see generally* Dkt. No. 10).

## II.   LEGAL STANDARDS

### A. Ripeness Doctrine

The Constitution confers federal courts jurisdiction to adjudicate "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *Shields v. Norton*, 289 F.3d 832, 834–35 (5th Cir. 2002). "A case or controversy must be ripe for decision, meaning that it must not be premature or speculative. That is, ripeness is a constitutional prerequisite to the

---

[1] In Texas, a breach of good faith and fair dealing claim is often referred to as a "bad faith" claim, and the Court will use that terminology throughout. *See, e.g.*, *Universe Life Ins. v. Giles*, 950 S.W.2d 48, 64 (Tex. 1997) (Hecht, J., concurring) ("Thus, the touchstone of bad-faith liability—or more precisely, a breach of the duty of good faith and fair dealing . . . .").

2

exercise of jurisdiction." *Shields*, 289 F.3d at 835 (footnotes and citations omitted). Federal courts may raise jurisdictional defects *sua sponte*, including subject matter jurisdiction under the ripeness doctrine. *McCall v. Dretke*, 390 F.3d 358, 361 (5th Cir. 2004) (Prado, J.) (citations omitted); *Urb. Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006) ("Ripeness is a question of law that implicates th[e] court's subject matter jurisdiction . . . ." (citations omitted)).

"A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical." *Dahl v. Vill. of Surfside Beach*, No. 22-40075, 2022 WL 17729411, at *2 (5th Cir. Dec. 16, 2022) (quoting *New Orleans Pub. Serv. v. Council of New Orleans*, 833 F.2d 583, 586 (5th Cir. 1987)). In other words, if a case "rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" then it is not ripe, and must be dismissed. *Texas v. United States*, 523 U.S. 296, 300 (1998); *Dahl*, 2022 WL 17729411, at *2.

### B. Abatement

Federal courts enjoy discretion to abate claims. *See, e.g.*, *Perez v. State Farm Mut. Auto. Ins.*, No. CV H-18-4531, 2019 WL 2075931, at *2 (S.D. Tex. May 10, 2019). "The key question for courts when exercising this discretion is whether abatement will aid judicial efficiency and economy." *Debesingh v. Geovera Specialty Ins.*, No. 4:18-CV-02316, 2018 WL 4810629, at *3 (S.D. Tex. Oct. 4, 2018) (citation omitted).

## III.   DISCUSSION

### A. Breach of Contract Claim

Plaintiff's state-court petition alleges Defendant's obligation to pay is cabined to damages that Plaintiff is "legally entitled to recover" (Dkt. Nos. 1-3 at 10 ¶ 27; 10 at 2).

This follows the relevant statutory language under Texas law,[2] which provides:

> Underinsured motorist coverage must provide for payment to the insured of all amounts that the insured is **legally entitled to recover as damages** from owners or operators of underinsured motor vehicles because of bodily injury or property damage, not to exceed the limit specified in the insurance policy, and reduced by the amount recovered or recoverable from the insurer of the underinsured motor vehicle.

Tex. Ins. Code Ann. § 1952.106 (emphasis added). As Defendant correctly highlights, "[c]ourts have consistently interpreted the phrase 'legally entitled to recover' to mean that the insured must establish both fault on the part of the underinsured driver and the extent of the claimant's damages before becoming entitled to recover UIM benefits" (Dkt. No. 10 at 2) (collecting cases). *See also Mota v. Nat'l Union Five Ins. Co. of Pittsburgh*, No. 2:23-CV-00116, 2024 WL 4948636, at *3 (S.D. Tex. Mar. 29, 2024) (Morales, J.) (a UIM insurer has "no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist" (internal quotation marks omitted) (quoting *In re USAA Gen. Indem.*, 629 S.W.3d 878, 884 (Tex. 2021))).

That requisite determination may be obtained as a judgment directly "against the tortfeasor, or alternatively . . . in a declaratory judgment action against the insurer." *Gomez v. Allstate Fire & Cas. Ins.*, No. 1:18-CV-0950-ML, 2019 WL 5149859, at *2 (W.D. Tex. May 29, 2019) (citing *Borg v. Metro. Lloyd's of Tex.*, No. W:12-CV-256, 2013 WL 12091651, at *2 (W.D. Tex. Feb. 21, 2013)). Indeed, it is well-settled that neither a tortfeasor's admission of liability nor a settlement with them will trigger UIM coverage under Texas law. *See, e.g., Brainard v. Trinity Universal Ins.*, 216 S.W.3d 809, 818 (Tex.

---

[2] In this diversity jurisdiction case, the Court applies Texas's substantive law. *See Jack v. Evonik Corp.*, 79 F.4th 547, 555 (5th Cir. 2023) (citations omitted); *Labaty v. UWT, Inc.*, 121 F. Supp. 3d 721, 742 (W.D. Tex. 2015) (Rodriguez, J.) ("[A] federal court sitting in diversity applies the substantive law of the state in which it sits." (citation omitted)).

2006) (citation omitted). The same applies to simply filing a lawsuit against the plaintiff's insurer for UIM benefits. *Id.* (citing *Henson v. S. Farm Bureau Cas. Ins.*, 17 S.W.3d 652, 653–54 (Tex. 2000)).

Here, Plaintiff has only gone so far as to settle with Ramirez and file this lawsuit (Dkt. No. 1-3 at 7 ¶ 10). In his state-court petition, Plaintiff did not plead the existence of a judgment; instead, he seeks a declaratory judgment establishing Ramirez's fault and his entitlement to benefits—but has not obtained one (Dkt. No. 1-3 at 9 ¶¶ 21–22). And Defendant expressly refutes that such a judgment exists or has been entered (*see* Dkt. No. 10 at 3 ("There has been no judicial determination regarding the occurrence or fault, nor has there been any determination as to the amount of damages, if any, that Plaintiff may be legally entitled to recover.")). Thus, Plaintiff has not complied with the condition that would make him eligible for his UIM benefits, and consequently, he cannot yet demonstrate that Defendant has ducked its contractual duty to pay. *See, e.g., Mota*, 2024 WL 4948636, at *4 (citing *In re USAA*, 628 S.W.3d at 884).

As many courts have recognized, "[u]ntil Plaintiff obtains a judgment establishing the [tortfeasor's] liability and underinsured status, his purported injury . . . is abstract and contingent on future events that may or may not occur." *Id.* (citations omitted); *see also Accardo v. Am. First Lloyds Ins.*, No. CIV.A. H-11-0008, 2012 WL 1576022, at *3 (S.D. Tex. May 3, 2012); *Vasquez v. Allstate Fire & Cas. Ins.*, No. SA-20-CV-01300-JKP, 2021 WL 67214, at *2–3 (W.D. Tex. Jan. 6, 2021) (Pulliam, J.); *Woods v. Argonaut Midwest Ins.*, No. 6:15-CV-139, 2016 WL 3653518, at *2 (E.D. Tex. Mar. 18, 2016); *Gomez*, 2019 WL 5149859, at *2. At this juncture, Plaintiff's breach of contract claim is improper—his declaratory judgment action is "the proper vehicle" to litigate whether he is eligible for UIM benefits. *Borg*, 2013 WL 12091651, at *2 (citing *Accardo*, 2012 WL

5

1576022, at *5 n.3); *see also Ibarra v. Allstate Fire & Cas. Ins.*, No. SA:20-CV-00280-JKP, 2020 WL 3259806, at *2–3 (W.D. Tex. June 16, 2020) (Pulliam, J.) (collecting cases).

Simply put, the need for further facts regarding Plaintiff's UIM benefits plainly renders his breach of contract claim unripe, and the Court cannot exercise subject matter jurisdiction over it. *Mota*, 2024 WL 4948636, at *4; *Texas*, 523 U.S. at 300. Accordingly, the Court *sua sponte* **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim for lack of subject matter jurisdiction. *See Dretke*, 390 F.3d at 361; *Accardo*, 2012 WL 1576022, at *2–3 (under similar facts, *sua sponte* determining breach of contract claim was unripe and subject to dismissal).

### B. Non-Contractual Claims

Defendant contends valuable resources would be squandered if it was forced to conduct discovery on Plaintiff's non-contractual claims at this stage (Dkt. No. 10 at 4). It also asserts potential prejudice, as the insurer's claim file typically contains information (like settlement discussions and case evaluations), which are relevant to bad faith claims but not to contractual claims (Dkt. No. 10 at 3). Finally, Defendant argues Plaintiff's non-contractual claims may eventually be moot if there is a judicial determination Plaintiff was not entitled to UIM benefits in the first place (Dkt. No. 10 at 4). In sum, Defendant does not want to dive into discovery on the non-contractual claims while the parties litigate the declaratory judgment action (*see* Dkt. No. 10 at 3–4). The Court agrees that abatement of these claims is the proper course.

"It is well-settled that, before an insured can recover on extra-contractual causes of action against an insurer for failing to pay or settle a UIM-insurance claim, the insured must first establish that the insurer is liable on the contract." *Maguire v. State Farm Mut. Auto. Ins.*, No. 3:19-CV-00339, 2020 WL 13441595, at *2 (S.D. Tex. Mar. 3, 2020)

(collecting cases). Thus, Texas courts have long favored severance (or bifurcation) and abatement of non-contractual claims in UIM cases. *Id.* (collecting cases). To be clear, federal courts are not bound to follow this procedural posture, but courts in this district routinely do. *Elham v. State Farm Mut. Auto. Ins.*, No. 4:24-CV-02235, 2024 WL 4219745, at *2 (S.D. Tex. Sept. 17, 2024) (collecting cases); *Hoang v. Allstate Fire & Cas. Ins.*, No. 4:22-CV-4082, 2023 WL 11999535, at *3 (S.D. Tex. Nov. 15, 2023) (same). Courts have likewise recognized that for "bad faith claim[s], abatement, not dismissal, is the appropriate treatment." *Gomez*, 2019 WL 5149859, at *2 (citing *Perez*, 2019 WL 2075931, at *2).

The Court is persuaded Defendant "should not be required to engage in discovery of extra-contractual issues before the underlying UIM liability is determined because such discovery may be rendered moot." *Maguire*, 2020 WL 13441595, at *4 (quoting *In re Liberty Cnty. Mut. Ins.*, 537 S.W.3d 214, 221 (Tex. App.—Houston [1st Dist.] 2017, no pet.)). Abatement of the non-contractual claims also serves the judicial economy, ensuring that any trial in this matter is appropriately tailored to the relevant issues. *See Accardo*, 2012 WL 1576022, at *5. As such, the Court **GRANTS** Defendant's request and **ABATES** the non-contractual claims.

Worth noting, the Court declines to *sua sponte* sever or bifurcate Plaintiff's non-contractual claims from the contractual claims. *See Ache v. Witte*, No. 6:20-CV-001320, 2020 WL 6240231, at *1 (W.D. La. Oct. 21, 2020) ("Under [Federal Rule of Civil Procedure 21], the Court may *sua sponte* sever any claim against any party."); Fed R. Civ. P. 42(b); *Elham*, 2024 WL 4219745, at *1 ("Whether separate trials are warranted is 'left to the 'sound discretion of the trial court.'" (citation omitted)). Although most cases Defendant cited suggest severing or bifurcating these claims is an appropriate course, Defendant

7

did not request such relief, and there is no indication Plaintiff would agree to either path (*see* Dkt. No. 10 (Defendant's motion was unopposed, but did not request severance or bifurcation)). More importantly, the Court finds that just abating the non-contractual claims best serves judicial economy at this time, rather than severing the claims and opening a new case or ordering a separate trial. *See Debesingh*, 2018 WL 4810629, at *3. Several sister district courts have adopted this approach, allowing the parties to simply reinstate their non-contractual claims when the time is right. *Gomez*, 2019 WL 5149859, at *2–3 (dismissing a breach of contract claim and abating, but not severing or bifurcating, a bad faith claim while the parties litigate a declaratory judgment action); *Accardo*, 2012 WL 1576022, at *3, *5 n.3, *6 (same); *Schober v. State Farm Mut. Auto. Ins.*, No. 3:06-CV-1921-M, 2007 WL 2089435, at *4–5 (N.D. Tex. July 18, 2007) (dismissing the breach of contract claim for lack of jurisdiction and abating, but not severing or bifurcating, the non-contractual bad faith and exemplary damages claims). Although bifurcation or severance of the claims may later become necessary, the Court will cross the bridge when it comes to it.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's breach of contract claim is **DISMISSED WITHOUT PREJUDICE**. Defendant's unopposed motion to abate Plaintiff's non-contractual claims is **GRANTED** (Dkt. No. 10). Discovery and all other activity related to Plaintiff's non-contractual claims is **ABATED**.

It is so **ORDERED**.

**SIGNED** May 7, 2025.

Marina Garcia Marmolejo
United States District Judge

8